IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 07-cv-00933-WDM-CBS

NILY LIAV,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), with the consent of the parties, and to protect the confidentiality of certain documents and information provided by the parties during the course of this litigation, IT IS HEREBY ORDERED:

**I.   Nondisclosure of Confidential Documents and Information**

(A)   Confidential documents and information that the parties provide each other in this case shall not be used, copied, or disclosed by the parties or their representatives for any purpose other than the litigation of this case.  Such documents and information may include but are not limited to:

(1)   Financial documents and information, such as financial statements (audited and unaudited); income statements; profit and loss statements; balance sheets; general journals or ledgers; accounts payable and accounts receivable reports.

(2)   Employment records and policies; such as records of resource actions; employee personnel and benefit files, information pertaining to wages, salary, bonus, and severance

payments to employees, and human resource and other department policies.

(3) Documents or information pertaining to a party's sales, profits, profit margins, prices, financial status, customer or client identities, respective or potential customer identities, customer contracts or agreements, marketing or advertising plans or strategies, sales plans or strategies, business plans or strategies or business surveys.

(4) Documents or information pertaining to a party's physical or mental health.

(B) This Protective Order shall apply to all confidential documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether obtained by traditional discovery, subpoena or other means.

(C) As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

## II. "CONFIDENTIAL" Designation

(A) Counsel for the parties shall designate a document or information confidential only after a review of the document or information and based on a good faith belief that the document or information is confidential or otherwise entitled to protection.

(B) Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

(C) Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject

to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

(D)     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further order of the Court, be disclosed except that such information may be disclosed to:

(1)     attorneys actively working on this case;

(2)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or at other proceedings in this case;

(3)     the parties, including the designated representatives for the defendant;

(4)     expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(5)     the Court and its employees ("Court Personnel");

(6)     stenographic reports who are engaged in proceedings necessarily incident to the conduct of this action;

(7)     deponents, witnesses, or potential witnesses; and

(8)     other persons only by written consent of the party producing the CONFIDENTIAL information, or by Court Order.

(E)     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters),

counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (*see* Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

Objections to "CONFIDENTIAL" Designation

     (F)     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

     (G)     Should the parties desire to offer into evidence or submit to the Court any CONFIDENTIAL information (whether in a discovery dispute, on the merits, by either party to challenge the identification of material entitled to confidential treatment or otherwise), any such

documents or information shall be filed under seal with the Clerk of the Court in accordance with D.C.Colo.LCivR 7.2 and 7.3 or any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.

### III.     Non-Termination of Order

The provisions of this Protective Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, all confidential documents and all copies of same (other than exhibits of record) shall be returned to the party who produced such documents or, at the option of the producer, destroyed. Where the parties agree that documents may be destroyed, the party destroying documents shall provide all parties with an affidavit confirming the destruction.

### IV.     Admissibility of Evidence

Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

### V.     Modification of Order

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 15TH day of August, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM:

s/ Robert M. Maes                                              s/ Martin D. Litt

_____        _____

Robert M. Maes                                                  Martin D. Litt (#23716)
1610 Gaylord Street                                            Jennifer C. Miner (#32519)
Denver, CO  80206                                              Holme Roberts & Owen LLP
Telephone: (303) 377-4449                              1700 Lincoln Street, Suite 4100
Facsimile: (303) 388-3219                                Denver, CO 80203
                                                                              Telephone: (303) 861-7000
*Attorney for Plaintiff Nily Liav*                       Facsimile: (303) 866-0200

*Attorneys for International Business Machines Corporation*


s/ William J. Martinez

_____

William J. Martinez
1640 East 18th Avenue
Denver, CO  80218
wjm@mcmarlaw.com


*Attorney for Plaintiff Nily Liav*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 07-cv-00933-WDM-CBS

NILY LIAV,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

---

**EXHIBIT A: CONFIDENTIALITY AGREEMENT**

---

    I, _____, the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above-captioned action; that I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the parties in the above-captioned action and provided to me for the sole purposes of the above-captioned action; and that I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the terms of the Protective Order. My current address and telephone number are:

_____

_____

    DATE: _____

_____
Signature