IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00933-WDM-CBS

NILY LIAV,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

---

## ADDENDUM TO THE SCHEDULING ORDER

---

Pursuant to this Court's request, and for good cause shown, this Court amends the Scheduling Order to include the following protocol for handling electronically stored information ("ESI"), and to reflect the new Settlement Conference date in this case. Except as set forth herein, the Scheduling Order entered by this Court on August 9, 2007, remains in effect. The Court amends the Scheduling Order as follows:

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

f.    On August 14, 2007, counsel for the parties conferred regarding a suggested protocol for handling ESI in this case.

    *(1)    Defendant's Computer Programs*

Defendant notified Plaintiff that it primarily uses IBM-specific computer programs, such as WordPro and Lotus 1-2-3, instead of Microsoft software products, such as Word and Excel. As such, unless Plaintiff obtains a license or other software that allows her to read the IBM-specific programs, Plaintiff may not be able to read many of the

documents in their original electronic form.  Defendant therefore agreed to produce any electronic documents in hard copy or in electronic .pdf or .tif format.   Defendant agreed to make a technical specialist available to assist with this process.

    *(2)    Electronic Mail*

Defendant explained that, in and prior to 2005, its electronic mail system purged electronic mails automatically after ninety (90) days unless the sender or recipient saved the electronic mail in an archive folder or made other arrangements to save the communication.  In and prior to 2005, Defendant's backup for electronic mail was generally maintained for seven (7) days and, in any event, no longer than fourteen (14) days depending on the particular system involved.  Defendant does not keep a monthly or yearly snapshot of its electronic mail servers.  In response to Plaintiff's discovery requests, Defendant agrees to produce any responsive, non-privileged electronic mails that were saved by the sender or recipient and not purged in the ordinary course of business (*i.e.*, those documents in its possession, custody or control).

    *(3)    Other Types of ESI*

Regarding other types of ESI, Defendant has a document retention policy that varies with the type of document.  For instance, Defendant generally maintains the past three or four annual performance appraisals (known as a "PBCs") for each employee. Once the Plaintiff propounds her discovery, Defendant will determine whether or not the requested documents are stored electronically and the applicable document retention policies.  If the Defendant confirms that the requested documents are stored

electronically and reasonably accessible, it will notify the Plaintiff and produce documents in accordance with the Plaintiff's discovery requests and Defendant's responses. If the Defendant determines that the requested documents are stored electronically but are not reasonably accessible, the Defendant will identify the source of the documents, then the parties agree to discuss (1) the burdens and costs of accessing and retrieving the information, (2) the needs that may establish good cause for requiring production of all or part of the information, and (3) the conditions on obtaining and producing this information such as scope, time and cost allocation. Finally, if the Defendant discovers that the requested documents are not stored electronically or have not been retained pursuant to Defendant's routine document retention policy, it will notify the Plaintiff as soon as reasonably practicable. Defendant agrees to make a technical specialist available to assist with this process.

      *(4)    Metadata or Embedded Data*

If the Defendant discovers that the requested documents are stored electronically and the Plaintiff requests the associated metadata or embedded data, the Defendant will determine whether or not such metadata or embedded data exists and can be produced and viewed without a license for the IBM proprietary software. If metadata or embedded data exists and can be viewed without a license for the IBM proprietary software, then the parties agree to discuss whether to produce the metadata or embedded data and who will pay any costs incurred in retrieving the metadata or embedded data. If metadata or embedded data exists but cannot be produced and

viewed without a license for the IBM proprietary software, then Defendant agrees to investigate whether or not it can produce the metadata or embedded data.  Defendant agrees to make a technical specialist available to assist with this process.

*(5)    Inadvertent Disclosure of Privileged or Trial Preparation Materials*

The parties have agreed that, in the case of the inadvertent disclosure of privileged or trial preparation materials, the disclosing party does not waive the privilege or protection.  The receiving party agrees to either return the documents and all copies to the producing party or to destroy the documents and all copies as soon as reasonably practicable after receiving notice of the inadvertent disclosure.  If the receiving party opts to destroy the documents, it must provide a certificate of destruction within three (3) business days after destroying the documents.  Additionally, if the receiving party notices that the disclosing party has produced privileged or trial preparation materials, it agrees to notify the disclosing party as soon as reasonably practicable.

*(6)    Defendant's Litigation Hold*

Defendant confirmed that its in-house counsel sent a confidential and privileged litigation hold to relevant company witnesses on or about May 18, 2007, which required the recipients to preserve all hardcopy documents and all ESI that relate to this matter.

(7)     *Parties Agree to Cooperate Regarding ESI*

The parties intend to cooperate in retrieving any electronically stored information relevant to this dispute in Defendant's possession, custody or control.  The parties agree to confer regarding any issues that may arise in discovery and production of all ESI.  The Plaintiff may have a technical specialist of her choosing present at said conferences to assist with the process.  Said specialist will be subject to the terms of the protective order in effect in this matter.

## 11.  DATES FOR FURTHER CONFERENCES

a.    A settlement conference will be held on October 24, 2007 at 1:30 o'clock p.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )    *Pro se* parties and attorneys only need be present.

( X )  *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( X )  Plaintiff shall submit a Confidential Settlement Statement to the magistrate judge on or before October 17, 2007, outlining the facts and issues in the case and the party's settlement position.

DATED at Denver, Colorado, this 23rd day of August, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

s/Robert M. Maes
1610 Gaylord Street
Denver, CO 80206
Tel:  303 377-4449
Fax: 303 388-3219

s/William J. Martínez
McNamara & Martinez LLP
1640 East 18th Avenue
Denver, CO  80218
Tel:   303 333-8700
Fax:  303 331-6967

*Attorneys for Plaintiff*

s/Martin D. Litt
s/Jennifer C. Miner
Holme Roberts & Owen LLP
1700 Lincoln Street, Ste. 4100
Denver, CO 80203
Tel:   303 861-7000
Fax:  303 866-0200

*Attorneys for Defendant*